UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

HECTOR ORJUELA, JR.,

Defendant.

Criminal No. 12-281
ESH/DAR

MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION

**I. INTRODUCTION**

Defendant is charged in an indictment with two counts of engaging in illicit sexual conduct in foreign places, in violation of 18 U.S.C. § 2423 (c) and (e). *See* Indictment (Document No. 2). The undersigned conducted a detention hearing on February 11, 2013.

Upon consideration of the proffers and arguments of counsel during the detention hearing, and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*., provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e); *see*

United States v. Orjuela                                                                                                                                  2

*also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.") (citation omitted).

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (noting that the Bail Reform Act "provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required") (citations omitted).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant has committed an offense involving a minor victim. 18 U.S.C. § 3142(e)(3)(E); *see*

United States v. Orjuela                                                                                                                         3

*also United States v. Burdette,* 813 F. Supp. 2d 1, 2 (D.D.C. 2011).  An indictment is sufficient to demonstrate probable cause for the purposes of 18 U.S.C. § 3142.  *See United States v. Williams*, 903 F.2d 844 (D.C. Cir. 1990).

### III.  DISCUSSION

     Both counsel proceeded by proffer.  Counsel for the government proffered that the Defendant had sexual contact with two five-year-old girls during which he penetrated them vaginally and anally with his fingers, fondled them in their genital area, and made one of the girls swallow his ejaculate by forcing his fingers down her throat.  Counsel for the government further proffered that the nature of the offense is a crime of violence because of the forceful sexual contact with the minors and because he slapped the minors and told them not to tell anyone he abused them.  He admitted to fondling one of the victims in her genital area at least five times and attempting to fondle the other minor.  The Defendant has a strong interest in abusing children and has admitted to searching and downloading child pornography.  One of the parents of the minor children witnessed the Defendant commit the abuse.  Counsel for the government proffered that the Defendant was tutoring these minors and previously worked as a teacher at a school and was dismissed due to allegations and complaints that he abused some of the students at the school.  Counsel for the government concluded her proffer as to risk of flight and dangerousness to the community by stating that as a result of Defendant's employment as a teacher in a position of authority and access; his strong interest in children; his admission that he fondled the minor children; the maximum penalty he faces if convicted which is either 360

United States v. Orjuela                                                                                                                          4

months or life imprisonment; previous allegations of abuse; his danger to children; his lack of ties to the United States because he resided in China for nine years and visited relatives in California and Florida, the government sought to have Defendant held without bond.

Defendant, through counsel, proffered as to the Defendant's dangerousness that he has no prior criminal history, and no charges involving crimes of violence.  As to risk of flight, Defendant's counsel proffered that the Defendant has ties to this area because he was born in the United States, he can live with his elderly aunt and uncle in Cockeysville, Maryland, who would accept him; he has two brothers in California and another brother in Florida; he has parents and a sister who live in Bogota, Colombia, and a cousin who lives near Baltimore.  Defendant's counsel asked that Defendant be released to the supervision of the Pretrial Services Agency, and that he be monitored by GPS device; a curfew be established; he be ordered to have no direct contact with any of the victims in this case; report to the Pretrial Services Agency; abide by travel restrictions and associations, and not possess any firearms.  Defendant's counsel concluded his proffer by noting that Defendant no longer possessed his passport, and that he did not admit to, and there is no evidence that he forcefully penetrated the minor children in this case.

## IV.  FINDINGS OF FACT

Upon consideration of the factors enumerated in Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no conditions of release or combination of conditions will reasonably assure Defendant's appearance, and by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.

United States v. Orjuela                                                                                           5

First, the nature and circumstances of the offense charged indicate that Defendant committed an offense involving two minor victims.

Second, the undersigned finds that the weight of the evidence against Defendant is compelling. Specifically, Defendant was engaged illicit sexual conduct in foreign places with two minors. Additionally, a parent of one of the minors witnessed an instance of abuse, and Defendant admitted at least a portion of the offense conduct.

Third, Defendant's history and characteristics militate against pretrial release. While Defendant has no prior criminal record, he faces a significant period of incarceration if convicted of the alleged offenses. Moreover, although Defendant, through his counsel, proffered that one of his relatives lives in the Baltimore-Washington area, Defendant, according to Pretrial Services Agency, has lived outside of the United States for the last nine years.

Finally, the undersigned has taken into account the unrebutted proffer that Defendant was dismissed from a teaching position at a foreign school because of other allegations of abuse. The undersigned is cognizant of the toll which child sexual abuse and illicit sexual conduct has taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that evidence of Defendant's illicit sexual conduct with minors demonstrates that his release would pose a danger to the community, and further demonstrates that he is not amenable to community supervision.

The undersigned has carefully considered the evidence proffered on Defendant's behalf, and finds that such evidence is insufficient to rebut either of the applicable presumptions. *See United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

### V.  **CONCLUSION**

United States v. Orjuela                                                                                                                 6

      On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the February 11, 2013 Order of Detention.

                                                                           /s/
                                               DEBORAH A. ROBINSON
                                            United States Magistrate Judge

FEBRUARY 13, 2013
DATE

FEBRUARY 11, 2013
NUNC PRO TUNC