**U.S. Department of Justice**

Criminal Division

---

*Child Exploitation and Obscenity Section*
*1400 New York Ave., N.W., Suite 600*
*Washington, D.C.  20005*

October 2, 2013

**FILED**

**OCT – 2 2013**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

By Electronic Mail

Jonathan Jeffress, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, Suite 550
Washington D.C.  20004

> Re:   *United States v. Hector Orjuela, Jr.*
>        *Case No. 12-CR-281 (ESH)*

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Hector Orjuela, Jr., from the Criminal Division of the United States Department of Justice (hereinafter "the Government"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**

1.      Your client agrees to plead guilty to Counts One and Two of the Indictment in Crim. No. 12-cr-281 (ESH), violations of 18 U.S.C. § 2423(c) (Engaging in Illicit Sexual Conduct in Foreign Places) as well as to plead guilty via Rule 20 of the Federal Rules of Criminal Procedure to Count One of an indictment that has been filed in the United States District Court for the District of Maryland, *United States v. Hector Orjuela, Jr.*, 13-178, a violation of 18 U.S.C. § 2251(a) (Sexual Exploitation of a Minor for the Purpose of Producing Child Pornography), and has been transferred to the District of Columbia for disposition under Crim. No. 13-CR-193 (ESH).

1

2.      Your client understands that pursuant to 18 U.S.C. § 2423(c), Counts One and Two in Crim. No. 12-cr-281 each carry a maximum sentence of 30 years of imprisonment, a fine, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made and a supervised release term of between 5 years to life pursuant to 18 U.S.C. § 3583(k). Your client also understands that pursuant to 18 U.S.C. § 2251(e), Count One in Crim. No. 13-CR-193 (D. Maryland Crim. No. 13-178) carries a mandatory minimum sentence of 15 years, a maximum sentence of 30 years of imprisonment, a fine, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made and a supervised release term of between 5 years to life pursuant to 18 U.S.C. § 3583(k). In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

3.      In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by the Government for the conduct set forth in the attached Statement of Offense, which includes a violation of 18 U.S.C. § 2241(c) against Jane Doe 3. In addition, the Government agrees not to prosecute your client for the following conduct alleged by John Does 1 and 2 who are the siblings of Jane Does 1 and 2: touching the genitalia of John Does 1 and 2 over their clothing between on or about August 13, 2012 and November 28, 2012 in Shanghai, China.

**Factual Stipulations**

4.      Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. Prior to the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines**

5.      Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2012 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically

2

referenced in the agreement.

### A.  **Offense Level under the Guidelines**

The advisory guideline range calculation for Count One in Crim. No. 12-cr-281 (ESH), Engaging in Illicit Sexual Conduct in a Foreign Place, is as follows:

**Section 2G1.3 (18 U.S.C. § 2423(c))**

| | |
|---|---|
| Estimated Base Offense Level | 24 |
| Applicable Specific Offense Characteristics | |
| § 2G1.3(b)(2)(B), Undue Influence | +2 |
| § 2G1.3(b)(4)(A), Sex Act/Contact | +2 |
| § 2G1.3(b)(5), Victim Under 12 years of Age | +8 |
| **Total** | **36** |

The advisory guideline range calculation for Count Two in Crim. No. 12-cr-281 (ESH), Engaging in Illicit Sexual Conduct in a Foreign Place, is as follows:

**Section 2G1.3 (18 U.S.C. § 2423(c))**

| | |
|---|---|
| Estimated Base Offense Level | 24 |
| Applicable Specific Offense Characteristics | |
| § 2G1.3(b)(2)(B), Undue Influence | +2 |
| § 2G1.3(b)(4)(A), Sex Act/Contact | +2 |
| § 2G1.3(b)(5), Victim Under 12 years of Age | +8 |
| **Total** | **36** |

The advisory guideline range calculation for Count One in Crim. No. 13-cr-178 (WDQ), Sexual Exploitation of Children, is as follows:

**Section 2G2.1 (18 U.S.C. § 2251(a))**

| | |
|---|---|
| Estimated Base Offense Level | 32 |
| Applicable Specific Offense Characteristics | |
| § 2G2.1(b)(1)(A), Victim under 12 years of Age | +4 |

| | |
|---|---|
| § 2G2.1(b)(2)(A), Sex Act/Contact | +2 |
| § 2G2.1(b)(5), Defendant Was Relative | +2 |

| | |
|---|---|
| **Total** | **40** |

In accordance with U.S.S.G. § 3D1.4(a), the combined offense level is determined by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by 3 levels. The highest offense level in our case is 40.

| | |
|---|---|
| § 3D1.4, Combined Offense Level | 40 |
| § 3D1.4(a), Number of Units | 3 |
| § 3D1.4, Increase in Offense Level | +3 |

| | |
|---|---|
| **Total Combined Offense Level** | **43** |

In accordance with U.S.S.G. § 3E1.1, if your client chooses to accept responsibility, he will be entitled to a three level decrease.

| | |
|---|---|
| § 3E1.1, Acceptance of Responsibility | -3 |

| | |
|---|---|
| **Total Adjusted Offense Level** | **40** |

However, because a) the offenses to which Mr. Orjuela is pleading guilty are covered sex crimes, b) Mr. Orjuela is neither a Career Offender covered under § 4B1.1 nor did he commit the instant offenses subsequent to sustaining at least one sex offense conviction, and c) Mr. Orjuela engaged in a pattern of activity involving prohibited sexual conduct, pursuant to § 4B1.5(b)(1), the offense level shall be increased by 5.

| | |
|---|---|
| § 4B1.5(b)(1), Repeat and Dangerous Sex Offender Against Minors | +5 |

| | |
|---|---|
| **Offense Level** | **45** (life) |

**B.   Adjustment for Acceptance of Responsibility:**  Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

4

### Agreement as to Sentencing Allocution

6.     The parties agree that your client may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of the Guidelines range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, § 3553(a).

7.     Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., § 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

8.     In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues.  Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under § 5K1.1 of the Sentencing Guidelines, or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

9.     It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues.  In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

10.     It is understood that the sentence to be imposed upon your client is determined solely by the Court.  It is understood that the Sentencing Guidelines are not binding on the Court.  Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range.   The Government cannot, and does not, make any promise or representation as to what sentence your client will receive.  Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**Restitution**

11.     Your client understands that in addition to the other penalties provided by law, pursuant to 18 U.S.C. §§ 2259 and 3664, it is mandatory that the Court order your client to make restitution for the full amount of any victim(s)' compensable losses.  Because the Government may not yet have identified all victims of your client's crime or know whether restitution will be requested, your client understands and that the Government will request that the Court order restitution for any identified victim for the full amount of his/her losses that were caused by your client's crime that is the subject of this plea agreement.

12.     Your client understands that an unanticipated request for restitution by a victim(s) or an unanticipated amount of a restitution ordered by the Court will not serve as grounds to withdraw your client's guilty plea.  Your client also understands that the Court may not decline to order restitution because of your client's economic circumstances or the fact that the victim(s) have, or may be entitled to, receive compensation for any losses from any other source. Restitution is payable immediately at the time of sentencing unless ordered otherwise by the Court.

13.     Your client further agrees to identify all assets over which he exercises control, directly or indirectly, (or has exercised such control, within the past five years).  Your client also agrees to identify all assets in which he has or had during that time any financial interest.  Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client.  Your client agrees to undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of your client's tax returns for the previous five years.

**Forfeiture**

14.     The Government and the defendant hereby agree that the property to be forfeited includes, but is not limited to, the following items seized from the defendant, and currently in the custody and/or control of the Federal Bureau of Investigation that were properly seized and were involved in or used in violation of Federal law by defendant:

<div style="margin-left:2em">

a.     iPad 16G, S/N DMQGLG77DKPH  
b.     HP G60 Laptop, S/N 2CE947CHWZ  
c.     Attache thumb drive  
d.     Kingston thumb drive  
e.     Toshiba thumb drive  
f.     Silver rings  
g.     CD labeled "June 2012"  
h.     Second CD labeled "June 2012"  
i.     CD labeled "AT&T"  
j.     Canon Powershot Camera  

</div>



The defendant agrees that such items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of that property by the United States. As such, the defendant hereby relinquishes all claim, title, and interest he has in the above-referenced property to the United States of America and agrees not to oppose any civil, administrative, or judicial forfeiture of the property. In addition, defendant acknowledges that the Government is continuing to analyze items seized. He agrees that, if the analysis determines that those items are forfeitable, he will not contest forfeiture or destruction by the Government by any means it chooses and at any time. The defendant knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. § 983. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

### Waiver of Rights

15.     In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

16.     Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords your client the right to appeal the sentence in this case. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2.0 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### Release/Detention

17.     Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case and that if a term of incarceration is imposed that he will not seek to be released after sentencing.

### Sexual Offender Registration

18.     Your client acknowledges and agrees that pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C § 2250, 42 USC §§ 16911(2), 16915(a)(1), he is required to register as a sex offender for a minimum period of 15 years and to keep the registration current in jurisdictions where he resides, where he is employed and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he will be employed or a student, among other information. Your client understands that should he knowingly fail to comply with his obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. Code § 2250, he could be prosecuted for the offense of failure to register and subject to a term of up to ten years imprisonment, a fine or both. He further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. § 3583 and that failure to comply with his obligations under the Act could subject him to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### Breach of Agreement

19.     Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

20.     Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

21.     Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

22.     Nothing in this Agreement shall be construed to permit your client to commit

8

perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

23.     It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

24.     No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and a Department of Justice Trial Attorney.

25.     Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Department of Justice. This Agreement does not bind any United States Attorney's Office, nor does it bind any other state, local, federal, or military prosecutor.

26.     If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

ANDREW G. OOSTERBAAN
Chief, Child Exploitation and Obscenity Section
Criminal Division
United States Department of Justice

By:  _____
MI YUNG PARK
TRIAL ATTORNEY

By:  _____
SARAH CHANG
TRIAL ATTORNEY

10

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Jonathan Jeffress, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: _10-02-2013_ _____      _____
                                     Hector Orjuela, Jr.
                                     Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _12/13/12_ _____      _____
                                     Jonathan Jeffress, Esquire
                                     Attorney for the Defendant

11