UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 12-CR-281 (ESH) |
| v. | : | |
| HECTOR ORJUELA, JR. | : | **FILED** |
| Defendant | : | OCT - 2 2013 |
| | | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

## STATEMENT OF THE OFFENSE

The parties in this case, the United States of America and the defendant, Hector Orjuela, Jr., stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which he is pleading guilty.

1. Defendant is a United States Citizen born in Torrance, California.

2. On or about August 13, 2012, the defendant, using his U.S. passport, traveled from the United States to Shanghai, China. Around the end of August 2012, the defendant met the mother of minor female victims Jane Doe 1 and Jane Doe 2 for the first time at a local market in Shanghai, China. The mother of Jane Does 1 and 2 recognized defendant as having taught English in schools in Shanghai, China and spoke to him about tutoring her four children, including Jane Does 1 and 2, in the English language.

Defendant agreed to tutor the four children and defendant started tutoring the children twice a week. Defendant tutored the children on an individual basis in the basement of the children's home from the end of August 2012 to around November 13, 2012 when he departed Shanghai.

3. On or about November 13, 2012, defendant left China. On or about November 23, 2012, using his U.S. passport, the defendant traveled from the United States to Shanghai, China. Defendant resumed tutoring of Jane Does 1 and 2 and their two siblings. Both Jane Does 1 and 2 were five years old during the time that defendant tutored them.

4. Defendant admits that between August 13, 2012 through November 28, 2012, he engaged in illicit sexual conduct with Jane Doe 1, a five year old minor female, during a tutoring session. The illicit sexual conduct that the defendant engaged in with Jane Doe 1 was the intentional touching, not through the clothing, of the genitalia of Jane Doe 1 who was five years old at the time, with an intent to arouse the sexual desire of the defendant.

5. Defendant admits that between August 13, 2012 through November 28, 2012, he attempted to engage in illicit sexual conduct with Jane Doe 2, a five year old minor female, during a tutoring session when he touched Jane Doe 2 with the intent to touch

her genitalia, not through the clothing, to arouse his sexual desire, but stopped when Jane Doe 2 resisted.

6. The defendant engaged in the illicit sexual conduct described above with Jane Doe 1 on at least four occasions and attempted to engage in illicit sexual conduct with Jane Doe 2 on at least two occasions.

7. Defendant is a relative of minor female Jane Doe 3. On or about July 7, 2012, defendant crossed state lines by traveling from Illinois to Maryland. On or about July 12, 2012, defendant visited Jane Doe 3 at a family gathering in Maryland. Jane Doe 3 was 7 years old in July 2012. At this family gathering, defendant spent time alone with Jane Doe 3. During this time alone, the defendant removed Jane Doe 3's underwear and used his Canon Powershot camera to take two close-up photographs of Jane Doe 3's vaginal area. Defendant agrees that these two images constitute lascivious exhibition of the genital area of Jane Doe 3. Defendant also admits that he intentionally touched, not through the clothing, the genitalia of Jane Doe 3 at this time.

8. After taking the pictures of Jane Doe 3's vaginal area, the defendant transported his Canon Powershot camera containing these images out of the State of Maryland. Defendant's Canon Powershot camera was not manufactured in the State of Maryland.

Case 1:12-cr-00281-ESH   Document 25   Filed 10/02/13   Page 4 of 4

## DEFENDANT'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have discussed it with my attorney, Jonathan S. Jeffress, Esquire. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 10-02-2013

_____
Hector Orjuela
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 10/2/13

_____
Jonathan S. Jeffress, Esquire
Attorney for Hector Orjuela

4